IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID JAMES PIETTE,

        OPINION AND ORDER

    Plaintiff,

        20-cv-894-bbc

    v.

OFFICER J. GUSTAFSON, OFFICER R. BERNA,
CAPTAIN C. NELSON, SERGEANT
D. BOETTCHER, CORPORAL T. SHOEMAKER,
CORPORAL C. GLODOWSKI, CORPORAL
M. CALLAHAN MACDONALD, CORPORAL
R. LEACH AND RN G. FRECHETTE,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and detainee David James Piette is proceeding on claims that both the police officers who arrested him and the staff at the Portage County jail failed to provide him adequate medical care for an infection on his hand. Now before the court are motions for summary judgment filed by the Portage County defendants (Cory Nelson, Dale Boettcher, Tammy Shoemaker, Chris Glodowski, Meegan MacDonald and Ronnie Leach), dkt. #33, and defendant Gaylee Frechette, dkt. #38. Defendants contend that plaintiff's claims against them should be dismissed because he failed to exhaust his administrative remedies before ling this lawsuit. However, defendants have not shown that plaintiff failed to exhaust his administrative remedies, so their motions will be denied.

Also before the court is plaintiff's motion to extend his deadline for disclosing expert witnesses. Dkt. #56. He states that he needs additional time because of the difficulty of

1

contacting witnesses from the Brown County jail and the delay in discovery because of the pending exhaustion motions. I will grant the motion and modify the schedule as set forth below.

OPINION

A plaintiff who is confined in jail or prison when he files his lawsuit, and who is challenging jail or prison conditions, must exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a). This means that the prisoner must take all steps within the administrative process, including filing an initial grievance and all necessary appeals. Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005); Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005); Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). The purpose of these requirements is to give the jail and prison administrators a fair opportunity to resolve grievances without litigation. Woodford v. Ngo, 548 U.S. 81, 88-89 (2006).

The Portage County jail inmate handbook provides instructions to inmates on how to use the jail's grievance process. Dkt. #35-1 at 5-6. To exhaust remedies at the Portage County jail, an inmate must first attempt informal resolution with jail staff. Dkt. #35-1 at 5. If informal resolution is unsuccessful, the inmate must submit a formal grievance within 14 days of the incident via kiosks available in the cell blocks. Id. A jail sergeant will make a determination and return it to the inmate via the kiosk. If the inmate is dissatisfied with the way the jail sergeant resolves the grievance, the inmate may appeal to the jail captain

within five days of the grievance decision.  Id.

In this lawsuit, plaintiff alleges that he was booked into Portage County jail on February 18, 2019, with a severe open wound on his finger.  He contends that defendants failed to provide him adequate medical treatment for his finger for the next several weeks.  Plaintiff filed three inmate grievances via the jail kiosk regarding treatment for his finger: on February 25, 2019 (dkt. #35-3); March 4, 2019 (dkt. #35-4); and on March 5, 2019 (dkt. #35-5).  Plaintiff's first grievance was rejected on the grounds that it was an improper grievance and it should have been raised with medical staff.  His second and third grievances were denied on the grounds that plaintiff had received proper medical care.  Defendants argue that plaintiff failed to exhaust his administrative remedies because he did not appeal the rejection or denial of any of the three grievances.

In response, plaintiff argues that he *did* appeal the rejection of his first (February 25) grievance.  Plaintiff says that after his first grievance was rejected, he appealed to the jail captain.  He states that he sent a letter to the captain via institution mail and that he met and spoke with the captain.  Dkt. #50, ¶ 4.  Plaintiff points out that his second grievance (March 4) mentions his appeal to the captain, as it states that "I already put a grievance in on my medical treatment here and had to go to the captain to receive any relief." Dkt. #35-4.  Plaintiff contends that his appeal of the first grievance was sufficient to exhaust his administrative remedies.

Plaintiff's argument is persuasive.  Although defendants argue that plaintiff has not submitted sufficient evidence to prove that he appealed to the captain, plaintiff's unrefuted

3

declaration that he sent the captain a letter and spoke with him is sufficient evidence that plaintiff appealed. Defendants have submitted no contrary evidence that undermines plaintiff's assertion. Moreover, the reference to plaintiff's interaction with the jail captain in plaintiff's March 4 grievance supports plaintiff's version of the events.

Defendants also argue that inmates are supposed to appeal a rejected or denied grievance by selecting the "appeal" option on the kiosk. Instead of selecting "appeal," plaintiff selected "complete with objection" after his February 25 grievance was rejected. However, defendants point to no policy stating that inmates must use the kiosk system to appeal a denied or rejected grievance. They also point to no policy explaining to inmates the difference between "complete with objection" and "appeal" on the kiosk, let alone any policy stating that inmates *must* select "appeal" to properly appeal a rejected grievance. The inmate handbook submitted by defendants does not explain the kiosk grievance system, and says nothing about the procedure for appealing, beyond stating that inmates may appeal to the jail captain. Dkt. #35-1 at 5. In contrast, the Portage County Sheriff's Office Custody Services Manual, also submitted by defendants, states that inmates may appeal to the jail captain by sending a letter directly to the captain or jail administrator. Dkt. #35-2 at 3. Thus, plaintiff cannot be faulted for appealing via institution mail instead of the kiosk. Lanaghan v. Koch, 902 F.3d 683, 689 (7th Cir. 2018) (courts may not hold plaintiffs to exhaustion procedures that are not published); Hernandez v. Dart, 814 F.3d 836, 842 43 (7th Cir. 2016); King v. McCarty, 781 F.3d 889, 896 (7th Cir. 2015).

In sum, a failure to exhaust administrative remedies under § 1997e(a) is an

affirmative defense that must be proved by the defendants. Davis v. Mason, 881 F.3d 982, 985 (7th Cir. 2018). Defendants have failed to meet their burden of proving that plaintiff failed to exhaust his administrative remedies, so their motions for summary judgment will be denied.

## ORDER

IT IS ORDERED that

1. Defendants' motions for summary judgment based on failure to exhaust administrative remedies, dkt. #33 and dkt. #38, are DENIED.

2. Plaintiff David James Piette's motion to extend the expert disclosure deadline, dkt. #56, is GRANTED. The schedule in this case is modified as follows:

- plaintiff's deadline for disclosing expert witnesses is October 22, 2021;
- defendants' deadline for disclosing expert witnesses is November 19, 2021;
- the dispositive motions deadline is extended to December 3, 2021.

Entered this 7th day of October, 2021.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge